UNITED STATES *v.* BURGESS.

*(District Court, W. D. South Carolina.* February 1, 1888.*)*

INTERNAL REVENUE—ILLICIT DISTILLING—REV. ST. U. S. § 3279.
 One who erects a "shanty" in which is put up an illicit still, does not come under Rev. St. U. S. § 3279, which provides that "every person who *works* in any distillery * * * on which no sign is placed and kept, * * * shall be fined," etc.

Indictment for Working in an Illicit Distillery, in violation of Rev. St. U. S. § 3279.

*C. M. Furman,* Asst. Dist. Atty., for the United States.

*A. Blythe,* for defendant.

SIMONTON, J. The evidence in this case is that the defendant erected for one Sessions a shanty in which was put up an illicit still. There is no evidence that he ever worked in or about the distillery after the still was set up. The defendant asks that the jury be instructed to find a verdict of not guilty. The section of the Revised Statutes punishes "every person who works in any distillery * * * on which no sign is placed and kept." Section 3279. Evidently this means, working in any establishment or place in which distilled liquors are made. The fact that no sign is placed and kept on the distillery is the gist of the offense. The first part of this section requires the sign to be put up by a person engaged in distilling. The work that defendant did in putting up the shanty is not the work in a distillery forbidden by this section. The jury will find a verdict of not guilty.